RICHARD COXE *ads.* THE STATE BANK AT TRENTON.

1. Bank notes are not cash and cannot be tendered as cash.

2. A debtor of a bank cannot bring into Court the notes of that bank in discharge of a judgment and execution obtained by the bank against him; and have satisfaction of the judgment thereupon entered.

3. Judgments of a Justice's Court allowed on motion to be set off against a judgment obtained in this Court.

A judgment had been obtained in this Court by the President, Directors and Company of the State Bank at Trenton against Richard Coxe, and execution issued and placed in the hands of the sheriff of the county of Hunterdon, by virtue of which the sheriff had levied upon the property of the defendant in execution. Subsequent to this time the bank failed, and after the failure of the bank, Coxe brought thirteen different suits before a Justice of the Peace for $100 each upon the bank notes of the said President, Directors and Company of the State Bank at Trenton, upon each of which he obtained judgment.

*Saxton,* on behalf of Coxe, first applied for leave to bring into Court the bank notes of the President, Directors and Company of the State Bank at Trenton, and upon offering to the plaintiffs the amount of their judgment in their own notes to have satisfaction of the judgment obtained in this Court against the defendant entered of record.

He contended, 1st. That as regards the plaintiffs, these notes were cash,- and they were bound to receive them. That a banking institution was bound at all times to turn their notes into cash whenever presented for payment, and that they ought not be permitted to object to them when tendered as such. And that bank notes are a good tender unless objected to at the time.

2d. He prayed leave to set off the judgments obtained by Coxe before the justice against the judgment obtained in this

court against him, and said, that it had long been the established practice in Westminster Hall to allow and order set offs of this kind to be made, and that this practice was founded as well upon the equity of the statute of 2 *Geo.* 2 *c.* 22, *sec.* 13, as upon the general equitable jurisdiction of the court over judgments and executions, for the advancement of justice and to prevent the circuity, expense and vexation of cross executions.

The cases on the subject he remarked are numerous.

1st. Where interlocutory costs were allowed to be set off against final costs, or debt and costs recovered in the same suit, 1 *H. Bl. Rep.* 23, 217, 8 *East. Rep.* 362.

2d. Where the costs or debt and costs recovered in one suit were set off against the judgment in another suit between the same parties, 1 *Barnes' Notes*, 102, 2 *W. Blac. Rep.* 826, 1 *H. Blac. Rep.* 657, 2 *ib.* 440, 587.

3d. Where a judgment in the Court of Common Pleas, or even an inferior court was set off against a judgment in the King's Bench, 2 *W. Blac. Reo.* 869, 3 *Wils. Rep.* 396, 2 *H. Bl. Rep.* 253, 2 *B. & Pul. Rep.* 28, 4 *ib.* 22, 4 *Term Rep.* 123, 6 *ib.* 456, 8 *ib.* 69.

4th. Where a debt, in suit, and before judgment obtained (the existence of the debt being admitted) together with such costs as the party would be entitled to, were set off against a judgment recovered, 1 *Taunt. Rep.* 426.

A diversity of practice exists in England between the King's Bench and the Common Pleas; in the former, the court will allow a set off of costs in the same suit but will not set off the costs on distinct judgments if objected to, on account of the attorney's lien for costs, and will set off the debt or damages only. But in the latter, the court will set off the costs in all cases, considering the equitable right of the parties to an offset as paramount to the attorney's lien for costs.

The practice of the King's Bench has been fully recognized and adopted in the State of New York, *Cole. Ca.* 67,

Coxe *ads.* State Bank at Trenton.

2 *Cain. Rep.* 105, 3 *ib.* 247, 1 *John. Ca.* 102, 1 *John Rep.* 144, 3 *ib.* 247, 8 *ib.* 357.

The jurisdiction of the court to allow set offs in cases of this kind, depends not upon the statute but upon the principles of the common law. *Montague on set off,* 5, 6.

*Wall contra,* contended,

1st. That the notes of the President, Directors and Company of the State Bank were not money, and therefore they could not be brought into court as such. This was decided in *Scott* v. *Conover,* 1 *Halst. Rep.* 226.

Whether the bank was or was not a party to the suit, could make no difference. If the principle established in that case is correct the defendant cannot bring forward the notes of the bank to pay a judgment obtained by the bank against him; it must be paid in the lawful currency of the country.

2. He said, that the judgments against the bank were rendered on the 29th of August last; that the bank had until the first day of the next term of the Common Pleas to appeal from them, and that there had been no meeting of the directors of the bank since the judgments were rendered, and it was therefore not yet determined whether they would appeal or not. If the court were of opinion that the defendant was not entitled to have satisfaction of the judgment entered upon the first ground taken by his counsel he prayed that the court would allow the plaintiffs until to-morrow, to enter into appeal bonds to remove the judgments into the Court of Common Pleas. He was not disposed to say that the equitable power of the court might not be exercised by ordering judgments to be offset in this way.

*R. Stockton* replied.

The CHIEF JUSTICE, being one of the stockholders of the bank, gave no opinion.

FORD Justice.—As to the first application to bring these notes into court and to have satisfaction entered, we are of opinion that the notes of the bank are not cash; they cannot be tendered as cash, nor can they be brought into court as such.

As to the second application, the allowing the judgments to be set off. The great question here, to bring this case within the range of the decisions cited, is whether the demand of the party making the application is admitted. If the plaintiffs do not admit the demand of the defendant and mean to appeal from the judgments obtained against them, time should be allowed for that purpose. The court therefore suspend their decision of this second point for the present.

At the subsequent November term, it having been stated to the court and admitted by the attorney for the bank that no appeals had been prosecuted upon the judgments obtained by the defendant, the court ordered the offsets to be made, and referred it to the clerk of the court to make the calculation, and the question of costs was reserved until the next term.